NUMBERS 13-00-158-CR AND 13-00-200-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________


RICKEY LOUIS JACKSON , Appellant,


v.


THE STATE OF TEXAS , Appellee.

___________________________________________________________________


On appeal from the County Court at Law

of Kaufman County, Texas.

__________________________________________________________________


O P I N I O N

Before Chief Justice Valdez and Justices Yañez and Kennedy (1)

Opinion by Justice Kennedy

This appeal results from two convictions of appellant, one a class B misdemeanor of criminal mischief and the other a class
A misdemeanor of burglary of a vehicle. The cases were tried at the same time before the same jury by agreement of
defense counsel and the State. The jury found appellant guilty in both cases and the judge assessed punishment at
confinement for 100 days and a fine of $1,000 in each case, the jail time to run concurrently. Both points of error allege
ineffective assistance of counsel. The points of error are similar. The first states that it was error for defense counsel to
agree to a joint trial, and the second states that, having made the agreement, defense counsel should have requested a charge
that during the guilt-innocence phase of the trial the jury not consider the evidence in one case when considering the other
charge.

When judging a charge of ineffective assistance of counsel, we follow the rule announced in Strickland v. Washington, 466
U.S. 688 (1984), and adopted by this State in Hernandez v. State, 988 S.W.2d 770 (Tex. Crim. App. 1999). The rule is
divided into two parts; first, the defendant must show that his counsel's performance was deficient, that his assistance fell
below an objective standard of reasonableness. Second, he must show a reasonable probability that, but for counsel's
unprofessional errors, the result of the proceeding would have been different.

Had the jury been chosen to set punishment in this case, we would be inclined to hold that the decision to try two separate
cases, involving the same defendant, unrelated in time and with no common character, would be a professional error. Rule
404(b) of the Rules of Evidence provides, in pertinent part: "Evidence of other crimes, wrongs or acts is not admissible to
prove the character of a person in order to show action in conformity therewith." Tex. R. Evid., Rule 404(b). An accused
may only be tried for the offense with which he is charged and not for being a criminal generally. Stone v. State, 17 S.W.3d
348, 353-4 (Tex. App. - Corpus Christi 2000, pet. ref'd). It stands to reason that having been given this protection by the
legislature and the courts, a defense attorney would not want to throw it away. However, in the cases before us, the
evidence of appellant's guilt was unequivocal and convincing. In each case the state presented eye witnesses to the crime
and appellant offered no rebuttal evidence. Because the jury had the burden only of determining guilt, appellant has failed
to convince us that evidence of another crime, the one not being tried at that given moment, had any bearing on their
conclusion of guilt for the other case. Therefore, the second prong of Strickland has not been met, i.e., the outcome would
likely have been no different on trial of the guilt-innocence phase.

The same reasoning applies to appellant's counsel's not having requested a jury instruction to disregard the evidence in one
case while the other was being tried. Appellant argues that, had trial counsel requested such an instruction, its refusal by the
trial court would have been error. We reject this argument as falling far short of meeting appellant's burden which is to
overcome the presumption that counsel's conduct falls within a wide range of reasonable representation. McFarland v.
State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996).

We overrule both points of error and AFFIRM the judgments of the trial court.

 

NOAH KENNEDY

Justice



Do not publish .

Tex. R. App. P. 47.3.



Opinion delivered and filed

this 31st day of January, 2002.

 

1. Retired Justice Noah Kennedy assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to
Tex. Gov't Code Ann. § 74.003 (Vernon 1998).